Filed 6/26/15  Smith v. S.F. Police Dept. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| WAYNE W. SMITH,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT et al.,<br><br>        Defendants and Respondents. | A140866<br><br>(San Francisco City and County Super. Ct. No. CGC-12-518791) |

Wayne W. Smith appeals from a trial court order dismissing this action for failure to serve the summons and complaint.  He asks this court for an extension of time to serve the summons and complaint.  We affirm.

### STATEMENT OF THE CASE AND FACTS

On February 29, 2012, appellant filed a complaint against San Francisco Crime Laboratory Technician Deborah Madden for general negligence and other causes of action.[1]  The complaint alleged that the defendant "habitually failed to do the required thing," was "careless, not paying enough heed; neglectful" and "inattentive," and "was negligen[t] from the time she was arrested on October 2, 2007 for domestic violence and assault charges and being investigated for tampering with drugs."  The complaint stated that Madden was arrested in 2007

---

[1] The complaint describes this as an action "for professional negligence, fraud, false arrest, violation of constitutional right, negligence, pain and suffering, harassment, conviction, medical expenses, wage loss, general damage compensatory damages, punitive damages."

1

and found guilty in 2008 of domestic violence and assault charges; was investigated for tampering with drug evidence, admitted taking small quantities of cocaine from the San Francisco Police Department Drug Laboratory, and pleaded guilty to a drug possession charge on June 3, 2011. According to the complaint, "The defendant was a key witness at plaintiff's jury tr[ia]l, and also gave her testimony, and vouch[ed] for the weight and purity of seized drugs, but instead used the cocaine. (See Exh. C-G)." Appellant claimed to have suffered damages from Madden's professional negligence "such as: Violation of constitutional right, a conviction, pain and suffering, wage loss, medical expenses, general damages, harassment, fraud, false arrest, punitive damages." He sought compensation in the amount of $122,000 and costs.

Attached to the complaint, without explanation, is a 14-page typewritten document consisting of the "Statement of Facts" and "Memorandum of Points and Authorities" sections of what is apparently a writ petition. This document attaches the exhibits C through G referenced in appellant's brief, which are newspaper articles about the investigation of Madden's conduct and resulting dismissal of many drug cases. The excerpt from the writ petition argues that the unnamed petitioner was convicted of a drug offense after a trial in which Madden testified about her testing of the narcotics, and that the prosecution's failure to disclose the exculpatory evidence concerning Madden's tampering with evidence and convictions violated the petitioner's constitutional rights and undermined confidence in the jury's verdict. There is no indication whether the petition was appellant's or another individual's.

On May 14, 2012, a proof of service was filed stating that service by the sheriff had been unsuccessful because the person to be served, Deborah Madden, was no longer employed at 850 Bryant Street, San Francisco.

In July, a case management conference that had been scheduled for August 1, 2012, was cancelled and set for November 7, 2012. The November date was then cancelled and appellant was ordered to show cause on January 8, 2013, why

the action should not be dismissed, or sanctions imposed, for failure to "file proof of service on defendant(s) and obtain answer(s), or enter default(s)."

On November 30, 2012, appellant, now at California State Prison, Lancaster, filed a document entitled "Order to Show Cause." Appellant stated, "Plaintiff, show cause why this action should not be dismissed or why sanctions should not be imposed for failure to; because Deborah madden retired, because investigation linked her to missing drugs. (See Exhibits 'C' – 'G') and (complaint)." Appellant stated that Madden had pleaded guilty to possession of cocaine, had been indicted by a federal grand jury on a charge of violating the United States Controlled Substances Act, and had a mistrial in October 2012, and asked for the case to go to trial or settlement.

In December, the January 8, 2013, date for the court's order to show cause hearing was cancelled and appellant was ordered to show cause on April 9, 2013, why the action should not be dismissed, or sanctions imposed, for failure to file proof of service and obtain answers or enter defaults.

On March 1, 2013, the superior court clerk issued a notice to appellant stating that his request to enter default against Madden, submitted that day, could not be processed because the original proof of service had not been filed. The notice cited Code of Civil Procedure sections 417.10 and 417.30. The form further stated, "1. No original proof of service on the summons & complaint. 2. No request for entry of default. 3. There was no service on the defendant. (Form enclosed.)"

On March 13, 2013, the clerk issued another notice stating that the request to enter Madden's default appellant had filed that day could not be processed, again because the original proof of service had not been filed. The notice additionally stated, "Name of defendant must be exactly as stated on complaint. Declaration re: discrepancy, corrected proof of service or incorrect name amendment is required. [¶] Proof of service of a statement of damages was not submitted per CCP § 425.11. The time for defendant to respond runs from service

3

of the statement. [¶] Other: 1. Mandatory proof of service form is required each defendant's must be served separately. 2. Name must be exactly as stated in the complaint on all documents. 3. Request for entry of default should be mailed to the defendant's item #6 (B)? 4. Statement of damages must be on mandatory form and served to the defendant's by personal or substituted service."

On March 20, 2013, the April 9, 2013, order to show cause was cancelled and appellant was ordered to appear on July 9, 2013, to show cause why the action should not be dismissed, or sanctions imposed, for failure to file proof of service, obtain answers or enter defaults.

On June 20, 2013, appellant filed several documents. In his "Declaration for Motion to Obtain Answer's from Order to Show Cause," he stated, "Plaintiff would like the courts to obtain answer[]s from the defendant's crime lab tech, Deborah Madden. Defendant is not following court order[]s, and has default[ed]." His "Declaration for Response to Order to Show Cause Motion" stated, "Outline of due diligence statement of facts in trying to prosecute law suit over the past year, etc. [¶] The courts has ask [*sic*] I the in pro per Plaintiff to file a response to the order to show cause, to inform the court on the status of plaintiff case. Defendant has not followed the court's order's (CRC § 3.110(i)). Upon failure of any parties, including the party's counsel, to comply with any provision of LRSF 3 or the applicable CRC or statute, the court may issue an order to show cause to determine the reason for non-compliance and whether sanctions should be imposed. Plaintiff filed order to show cause, Nov. 30, 2012." A document entitled "Response to Order to Show Cause Motion" stated, "Plaintiff filed a[n] order to show cause on defendant's on Nov. 30, 2012. Defendants has not respon[d]ed to the order to show cause. Yet, Rule § CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing. Defendants has not done so. [¶] Plaintiff is and has filed complaint on Feb. 29, 2012, and none of the defendants has respon[d]ed

4

to none of the courts order, or plaintiff's motions. [¶] Plaintiff is asking the courts to entry of Default judgment if defendants do not follow these court orders."

The order to show cause hearing set for July 9, 2013, was cancelled and the matter set for December 10, 2013. This order, in addition to directing appellant to show cause why the action should not be dismissed, or sanctions imposed, for failure to file proof of service, obtain answers or enter defaults, included the following: "***NOTE:  Plaintiff must file a proof of service of the complaint before default can be sought."

On December 10, 2013, appellant appeared in propria persona, by telephone. The order to show cause was ordered off calendar and dissolved "due to inactivity." The case was dismissed by court order dated December 12, 2013.

Appellant filed a timely notice of appeal on January 15, 2014.[2]

## DISCUSSION

Appellant's opening brief asks this court "for an extension of time until[] his release date of 9-20-15, so that plaintiff can get to a internet to find Defendant." The entirety of appellant's argument is as follows:

"4. Appellant has been due diligence [*sic*], compl[i]ed with all court orders all through this complaint.

---

[2] Appellant's designation of record, filed on February 10, 2014, designated "what ever documents and oral proceedings the court may have." Appellant was informed by the court clerk that in order to procure the record on appeal he needed to specify the date of each proceeding to be included in the reporter's transcript (rule 8.130(a)(1)) and either deposit the fees for the reporter's transcript or a waiver (rule 130(b)); the default was not cured within the required time, and on March 6 the clerk filed a "Certificate re Dismissal of Appeal" requesting that the appeal be dismissed (rule 8.140). Appellant then requested reporter's transcripts for August 1, 2012, November 7, 2012, January 8, 2013, April 9, 2013, July 9, 2013, and December 10, 2013. On March 1, the clerk informed appellant that no hearings were held on the first five dates specified, the proceedings on December 10, 2013, were not reported, and the court's February 29, 2012, order granting a waiver of court fees and costs was on file.

5

"5.  See Rule 232.(g) and 235.(a)(b)(c); 3.1(A).  Plaintiff is just asking the appellant [*sic*] court for a[n] extension of time to serve summons and complaint.  SEE proof of service- summons, where plaintiff ser[ved] the defendant, but person for service no longer employed there."

Former rule 235 of the California Rules of Court,[3] renumbered rule 2.20 in 2007, provides that "[a]n application for an order extending the time within which any act is required by law to be done must be heard and determined by the judge before whom the matter is pending; provided, however, that in case of the inability, death, or absence of such judge, the application may be heard and determined by another judge of the same court."  (Rule 2.20(a).)  The application must "disclose in writing the nature of the case and what extensions, if any, have previously been granted by order of court or stipulation of counsel."  (Rule 2.20(b).)

Appellant's reference to "3.1(A)" apparently is to the local rules of the San Francisco Superior Court (LRSF or local rule).[4]  Local rule 3.1.A. provides: "Application for Order Extending Time.  Extension to Serve Summons And Complaint.  A written application must be filed in Room 103 and a courtesy copy with a proposed order delivered to Department 610."

These rules clearly provide authority to the *trial court* to extend the period of time for service.  Rule 2.20 appears in title 2 of the Rules of Court, entitled

---

[3] Further rule references are to the California Rules of Court unless otherwise specified.

[4] Rule 3.1 provides that "[t]he rules in this title may be referred to as the Civil Rules" and does not contain any subdivisions.

Appellant's reference to "Rule 232(g)" is perplexing.  If appellant intended to refer to the California Rules of Court, the rule has no relevance to the present case.  Former rule 232, renumbered rule 3.1590 in 2007, pertains to the procedures for tentative decisions, statements of decision, and judgments; subdivision (g) specifies the time within which a party may serve and file objections to a proposed statement of decision.  If some other source of rules was intended, appellant has not specified the source.

6

"Trial Court Rules." Local rule 3.1, aside from its reference to physical locations in the superior court, cites rule 3.110, which appears in title 3 of the Rules of Court, the title containing the "Civil Rules" (rule 3.1) that "apply to all civil cases in the superior courts . . ." (rule 3.10).

We find no indication in the record that appellant ever asked the trial court for an extension of time for service, and he does not argue that any such request was made and improperly denied. Appellant offers no authority for this court to order the extension in the first instance, and no argument why the trial court's order should be reversed.[5]

The order of dismissal is affirmed.

---

[5] We note that appellant has not raised any claim that he was denied access to the courts. (See, *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468 [error to grant summary judgment against indigent prisoner without first ensuring right to meaningful access to courts to prosecute bona fide civil claim was protected; issues included legal documents mailed by inmate in advance of deadlines but not timely filed due to circumstances beyond his control, court failing to make requested orders required for inmate's appearance at hearing, summary judgment granted without waiting for inmate, who had not been informed of changed time of hearing or granted order to appear at the new time].) Nor does the record suggest a basis for such a claim. It appears appellant was able to file pleadings and communicate with the court, and he appeared by telephone at the December 10, 2013, hearing. Additionally, we have no basis for assessing whether time may yet remain for appellant to try again to file and serve an action before expiration of the statute of limitations, as the record provides us no information about the particulars of appellant's criminal case or when he learned of the conduct by Madden that forms the basis of his civil claim.

7

                                            _____

                                                 Kline, P. J.

We concur:


_____

Richman, J.


_____

Miller, J.


*Smith v. San Francisco Police Department et al.* (A140866)